UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL NAPS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VERIZON NEW ENGLAND INC., d/b/a VERIZON MASSACHUSETTS, <br><br> Defendant, <br><br> v. <br><br> GLOBAL NAPS NEW HAMPSHIRE, INC.; <br> GLOBAL NAPS NETWORKS, INC.; <br> GLOBAL NAPS REALTY, INC.; <br> CHESAPEAKE INVESTMENT SERVICES, INC.; <br> 1120 HANCOCK STREET, INC.; <br> FERROUS MINER HOLDINGS, LTD.; <br> RJ EQUIPMENT, INC.; <br> CJ3, INC.; <br> 321 HEATH STREET REALTY TRUST, <br> MICHAEL COUTURE, TRUSTEE; and <br> FRANK GANGI, <br><br> Counterclaim Defendants. | Civil Action No. 02-12489 - RWZ <br> Civil Action No. 05-10079 - RWZ <br><br><br> November 14, 2008 <br><br><br> ORAL ARGUMENT REQUESTED <br> EXPEDITED CONSIDERATION REQUESTED |

**PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION
IN LIMINE TO EXCLUDE TESTIMONY OF GUHAN SUBRAMANIAN**

Plaintiff Global NAPs, Inc. and the counterclaim defendants, Global NAPs New Hampshire, Inc., Global NAPs Networks, Inc., Global NAPs Realty, Inc., Chesapeake Investment Services, Inc., 1120 Hancock Street, Inc., Ferrous Miner Holdings, Ltd., RJ Equipment, Inc., CJ3, Inc., 321 Heath Street Realty Trust, and Frank Gangi (collectively the "Counterclaim Defendants"), respectfully move *in limine* to preclude Verizon New England, Inc. ("Verizon") from offering the testimony of Guhan Subramanian or admitting the report of Guhan

Subramanian. It should be excluded for the foregoing reasons, and because it is hearsay. In the meet and confer that preceded this motion, Verizon did not contest that the report would be inadmissible. In support hereof Plaintiff and Counterclaim Defendants submit a Memorandum of Law and the Declaration of Michael R. Patrick and state as follows:

1. Verizon intends to call Guhan Subramanian as an expert witness to testify about concept of corporate governance. But Mr. Subramanian does not meet the requirement of an expert qualified to testify on the subject matters Verizon has identified – Mr. Subramanian has worked his entire career in the halls of academia at Harvard University. He has never worked in any meaningful capacity in the business world and has no real experience in corporate governance (e.g., he has never been a CEO, CFO or member of a board of directors).

2. Mr. Subramanian's testimony will not assist the trier of fact. Mr. Subramanian is a professor whose knowledge of the law stems from caselaw and legal text books. The trier of fact will gain nothing from Mr. Subramanian's testimony. He can only testify as to what he read in a textbook or article and not what he has seen in the business world.

3. Moreover, even if Mr. Subramanian were qualified to testify as an expert on corporate governance, his testimony consists of legal conclusions masquerading as expert testimony. Legal conclusions are not permitted under Federal Rule of Evidence 702, as they place the witness in the same seat as the jury. It is apparent that Mr. Subramanian's testimony is based upon caselaw and legal theories designed to usurp the jury's function.

WHEREFORE, Plaintiff and Counterclaim Defendants respectfully request that the testimony of Guhan Subramanian be excluded and his report deemed inadmissible.

November 14, 2008                     Respectfully submitted,

**GLOBAL NAPS, INC.,**
**GLOBAL NAPS NEW HAMPSHIRE, INC.,**
**GLOBAL NAPS NETWORKS, INC.,**
**GLOBAL NAPS REALTY, INC.,**
**CHESAPEAKE INVESTMENT SERVICES, INC.,**
**1120 HANCOCK STREET, INC.,**
**FERROUS MINER HOLDINGS, LTD.,**
**RJ EQUIPMENT, INC.,**
**CJ3, INC., 321 HEATH STREET REALTY TRUST, MICHAEL COUTURE TRUSTEE, AND FRANK T. GANGI**

By: /s/ Eric C. Osterberg
    Joseph M Pastore III (Admitted *pro hac vice*)
    Eric C. Osterberg (Admitted *pro hac vice*)
    Dreier LLP
    One Landmark Square, 21st Floor
    Stamford, CT  06901
    Telephone: (203) 425-9500
    Fax: (203) 425-9595
    jpastore@dreierllp.com
    eosterberg@dreierllp.com

Their attorneys

## CERTIFICATE OF SERVICE

I certify that on November 14, 2008 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Eric C. Osterberg
Eric C. Osterberg

{00406861.DOC;}  4