UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NOS. 02-12489-RWZ, 05-10079-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND INC.

v.

GLOBAL NAPS NEW HAMPSHIRE, INC.; GLOBAL NAPS NETWORKS, INC.;
GLOBAL NAPS REALTY, INC.; CHESAPEAKE INVESTMENT SERVICES, INC.;
1120 HANCOCK STREET, INC.; FERROUS MINER HOLDINGS, LTD;
CJ3, INC.; RJ EQUIPMENT, INC.;
321 HEATH STREET REALTY TRUST, MICHAEL COUTURE, TRUSTEE;
and FRANK GANGI

<u>ORDER</u>

February 24, 2009

ZOBEL, D.J.

     Counterclaim defendants move for a stay of execution of the judgment against

them entered on January 29, 2009, without filing a supersedeas bond.  The motion is

denied as they have shown neither a likelihood of success on the appeal nor, given

their continued viability after numerous assertions of their imminent demise to the U.S.

District Court for the District of Connecticut and the Court of Appeals for the Second

Circuit, as well as this court, have they shown irreparable harm by the execution of the

judgment.  At the same time, based on the history of this case and the number of other

creditors seeking to collect their judgments, I am persuaded that a stay without security

will seriously injure counterclaim plaintiff's chances of satisfying its judgment.

Counterclaim plaintiff has moved for leave to register its judgment in other districts pursuant to 28 U.S.C. § 1963.  Because the judgment is not yet final by appeal, counterclaim plaintiff must show good cause to support its request.   It asserts good cause based on counterclaim defendants' " well-documented history of transferring and depleting their assets to frustrate execution of judgment" and the lack of sufficient assets in Massachusetts to satisfy this judgment.  Whatever may be the historical accuracy of counterclaim defendants' penchant for transferring assets, at this time the assets located in Massachusetts are already subject to restraining orders against alienation by Judges Gorton and Gertner and are thus presumably secure.  However, the amount of the collective debt to the several judgment creditors, including counterclaim plaintiff, is clearly greater than the amount of known assets in Massachusetts to satisfy it.   In addition, counterclaim plaintiff  has made a strong showing of the existence of assets in other jurisdictions such that registration of the judgment therein is appropriate.

Accordingly, the motion is allowed.


_____February 24, 2009_____          _____/s/Rya W. Zobel_____
DATE                                                     RYA W. ZOBEL
                                             UNITED STATES DISTRICT JUDGE