UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL NAPS, INC., <br><br> Plaintiff <br><br> v. <br><br> VERIZON NEW ENGLAND INC., <br><br> Defendant | Civil Action No. 02-12489-RWZ <br> Civil Action No. 05-10079-RWZ |

**ORDER FOR TEMPORARY APPOINTMENT OF KEEPER AND RECEIVER**

Upon Verizon New England Inc.'s Memorandum in Support of Its *Ex Parte* Application for an Order To Show Cause and Appointing a Receiver Over Global NAPs, Inc., Global NAPs Networks, Inc., Global NAPs New Hampshire, Inc., Global NAPs Realty, Inc., And Ferrous Miner Holdings, Ltd., dated April 30, 2010, the Declaration of Jason W. Myatt in support of Verizon's *Ex Parte* Application for a Temporary Restraining Order and Motion for Findings of Civil and Criminal Contempt Sanctions, Preliminary Injunction and Appointment of a Keeper and Receiver (hereinafter the "Receiver"), and to Reach and Apply Shares, dated May 22, 2009, and the exhibits annexed thereto, the Court's June 15, 2009 Order Appointing Monitor and the findings therein, and all the pleadings and proceedings heretofore had, sufficient reason appearing therefore,

It is hereby ORDERED that

    1.    This Court hereby appoints Carl F. Jenkins as Receiver, to be assisted by Matthew A. Barrett, both to have the usual powers and duties according to the laws of the Commonwealth, over all the property and interests of the Judgment Debtors as identified in paragraphs (2a) and (2b) of this Order, and orders that the Receiver is authorized to take any actions to identify, safeguard and preserve the assets of Judgment Debtors, to make all business

decisions over the assets and operations of Judgment Debtors, and to implement, satisfy and enforce this Order, including but not limited to obtaining possession of and otherwise exercising dominion and control of all books and records of any type or nature relating to or evidencing the revenue and expenses of Judgment Debtors, and contacting and directing customers and other payors to make payments into an account or accounts designated by the Receiver, and approving all payments to vendors, suppliers, employees and other payees;

  2. The Receivership Property, as defined in paragraphs (2a) and (2b) below, shall include

    a. All real and personal property of Judgment Debtors, including but not limited to bank accounts held in the name of, and receivables owed to, Global NAPs, Inc.; Global NAPs New Hampshire, Inc.; Global NAPs Realty, Inc.; Global NAPs Networks, Inc.; Ferrous Miner Holdings, Ltd.; and Global NAPs Financial, Inc., as well as all real and personal property, bank accounts held by, and receivables owed to, corporate entities wholly-owned and controlled by Judgment Debtors, including, but not limited to, 1003 Donnelly Avenue, Inc.; 1120 Hancock Street, Inc.; 9 Executive Park Drive, Inc.; 959 Group of NH, Inc.; BABP, LLC; BABP (VI), LLC; BroadVoice, Inc.; Cable Internet Access, Inc.; Carrera GT, Inc.; Chesapeake Investment Services, Inc.; CJ3, Inc.; Convergent Networks, Inc.; Global NAPs Financial Services, Inc.; Global NAPs South, Inc.; RJ Equipment, Inc.; Sahara & Arden, Inc.; and Shout Out, Inc., (collectively, the "Judgment Debtors' Subsidiaries"), but excepting the personal account(s) of Frank Gangi;

    b. All shares and/or membership interests in 1003 Donnelly Avenue, Inc.; 1120 Hancock Street, Inc.; 9 Executive Park Drive, Inc.; 959 Group of NH, Inc.; BABP, LLC; BABP (VI), LLC; BroadVoice, Inc.; Cable Internet Access, Inc.; Carrera GT, Inc.;

Chesapeake; CJ3, Inc.; Convergent Networks, Inc.; Ferrous Miner Holdings, Ltd.; Global NAPs, Inc.; Global NAPs Networks, Inc.; Global NAPs New Hampshire, Inc.; Global NAPs Realty, Inc.; Global NAPs Financial Services, Inc.; Global NAPs South, Inc.; RJ Equipment, Inc.; Sahara & Arden, Inc.; and Shout Out, Inc.;

3. The Receiver shall cause all funds that are Receivership Property to be deposited in such account or accounts that the Receiver establishes for the purposes of holding the receivership property (the "Receiver Account");

4. The Receiver shall collect all receivables and other debts or monies owed to Judgment Debtors and Judgment Debtors' Subsidiaries and deposit such funds into the Receiver Account;

5. The Receiver shall determine and make payments solely for ordinary course business expenses actually and reasonably incurred by Judgment Debtors and Judgment Debtors' Subsidiaries; and shall provide an accounting thereof to the Court, Judgment Debtors, Verizon, and SNET;

6. The Receiver shall identify and report to the Court, Judgment Debtors, Verizon, and SNET all sources of all receivables and other debts or monies paid to Judgment Debtors by any third parties, including affiliates of Judgment Debtors;

7. The Receiver may engage an accountant, and thereafter report to the Court, Judgment Debtors, Verizon, and SNET, to examine all of the books and records relating to the Receivership Property, including, but not limited to, accounting records, bank statements, financial statements, operating statements, and loan agreements, including any information stored on computer, if, in the Receiver's discretion, the Receiver deems it necessary to do so in order to discharge the Receiver's responsibilities under this Order;

8. No funds shall be withdrawn from any account owned by Judgment Debtors or Judgment Debtors' Subsidiaries, and no check thereon shall be honored, unless the check is signed by the Receiver or his designee;

9. The Receiver may employ agents, employees, clerks, and accountants incidental to the Receiver's services, including employing personal counsel to the Receiver, provided however that the Receiver may employ counsel only with permission of the Court. The Receiver shall be entitled to reasonable compensation for services rendered by such personnel at the regular hourly rates established by the Receiver;

10. No bond shall be required with the appointment of the Receiver. The Receiver may incur the risks and obligations ordinarily incurred by receivers, provided that the receiver shall have no personal liability for his acts or omissions as Receiver other than gross negligence or willful misconduct. The Receiver shall be indemnified and held harmless for any loss or liability of any nature whatsoever, and against the expense of defending against same, except as to any act or omission determined by the court to be gross negligence or willful misconduct;

11. Any and all persons claiming any interest in any of the Receivership Property shall be and hereby are enjoined from commencing any action in any court or elsewhere against the Receiver in connection with or otherwise based upon the discharge of the duties of the Receiver herein, except with the express permission of this Court obtained after filing a motion on notice to the Receiver, all parties to this action, and SNET. Such restraint is not intended to bar any current action asserted against the Judgment Debtors or their affiliates in this or any other court;

12. The Receiver, Judgment Debtors, Verizon, and SNET may at any time apply to this Court for further instructions and orders related to this Order and for additional powers necessary to enable the Receiver to perform the Receiver's duties on noticed motion;

13. The Receiver shall be entitled to compensation for services rendered at the hourly rate of $600 per hour, and to be reimbursed for his reasonable expenses in connection with the Receiver's work. At such intervals as the Receiver deems appropriate, the Receiver may submit the Receiver's expenses to the parties for payment, including the Receiver's compensation, such expenses to be borne as follows: 90 percent by Verizon, and 10 percent by SNET;

14. Judgment Debtors and Frank Gangi are restrained from: (i) disposing of the Receivership Property and any and all funds or property now or hereafter subject to this Order, except to transfer the Receivership Property to the Receiver; (ii) diverting, concealing, encumbering, or transferring any of the Receivership Property for any purpose; (iii) interfering in any manner with the discharge of the Receiver's duties under this Order; and (iv) doing any act that will diminish or impair the value of the Receivership Property or Verizon's or SNET's interest therein;

15. Frank Gangi and Judgment Debtors and their agents, accountants, attorneys and other representatives are directed: (i) to execute and deliver to the Receiver all documents necessary for the Receiver to take possession of the Receivership Property and cause such property to be deposited in accordance with this Order; (ii) to expeditiously relinquish possession of and turn over possession to the Receiver of any and all documents, books and records relating to and/or evidencing the Receivership Property, all assets held by the Judgment Debtors, and the business expenses of the Judgment Debtors, including, but not limited to,

accounting records, bank statements, financial statements, operating statements, and loan agreements, including any information stored on computer; (iii) to provide any passwords or other codes necessary to access the account information set forth above; and (iv) to promptly, fully and truthfully answer any reasonable questions asked by the Receiver concerning such documents, books, and records;

16.   The Receivership Property shall be distributed pursuant to the further orders of this Court (or the Court of Appeals for the First Circuit). Ninety percent of the Receivership Property shall be distributed to Verizon. Should the judgment of the United States District Court for the District of Connecticut in The Southern New England Tel. Co. v. Global NAPs, Inc. et al., No. 04-2075 be affirmed on appeal, the remaining ten percent of the Receivership Property shall be distributed to SNET; and

17.   To the extent that there is any conflict between this Order and the prior orders of this Court, this Order shall supersede any such order and transcript and shall constitute a final and controlling Order on this Motion.

Dated: May 3, 2010

                                            /s/Rya W. Zobel
                                        Rya W. Zobel, United States District Judge