UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL NAPS, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>VERIZON NEW ENGLAND, INC., )<br>    Defendant. )<br>_____) | Civil Action No. 02-12489-RWZ<br><br>Civil Action No. 05-10079-RWZ |

**RECEIVER'S MOTION FOR AN ORDER AUTHORIZING THE SALE OF AIRCRAFT FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND ESTABLISHING PROCEDURES FOR SUBMISSION AND CONSIDERATION OF <u>ANY HIGHER OR OTHERWISE BETTER OFFERS</u>**

Carl F. Jenkins, the duly appointed Receiver herein, by and through his counsel, hereby moves the Court to enter an Order authorizing the Receiver to sell two aircraft, including the Cessna CJ3 Serial # 0042, FAA Registration # N69FH (the "Cessna") and the Pilatus PC 12 Serial 225, FAA Registration # N69FG (the "Pilatus" and, together with the Cessna and all equipment, maintenance and flight logs, and assignable manufacturer's warranties for both aircraft, the "Aircraft") by private sale, to Pro Star Pilatus Center LLC or its nominee ("Buyer"), for a purchase price of $4,600,000 (including $3,400,000 for the Cessna and $1,200,000 for the Pilatus), and otherwise on the terms and conditions set forth in Buyer's written offer to acquire the Aircraft attached hereto as **<u>Exhibit A</u>** (the "Offer"), or on such other terms and conditions as contained in a competing offer submitted pursuant to the procedures described herein which the Receiver determines is the highest and best offer. In support of this Motion, the Receiver states as follows:

1. On May 5, 2010, Carl F. Jenkins was appointed by this Court as Receiver of Global NAPS, Inc., and its subsidiaries, affiliates and related entities (hereinafter collectively the "Judgment Debtors") pursuant to an Order dated May 6, 2010, and an Amended Order dated May 13, 2010 (hereinafter collectively the "Order").

2. Pursuant to paragraph 1 of the Order, the Receiver took possession of the various personal property and real property of the Judgment Debtors (hereinafter the "Receivership Property"). The Receivership Property includes the Aircraft.

3. Pursuant to this Court's order entered August 5, 2010, approving the Receiver's Motion for an Order Authorizing the Sale of Property of the Estate Free and Clear of All Liens, Claims and Encumbrances, the Receiver has marketed the Aircraft for sale to a number of brokers and prospective purchasers in the air transport industry. These efforts led to discussions with several potential purchasers, and, ultimately, the Offer. Based on his discussions with other prospective purchasers and brokers, the Receiver believes that the Offer represents a commercially reasonable offer to acquire the Aircraft and (subject to the possibility of a higher and better offer resulting from this Motion) provides the best price to be obtained for the Aircraft by the Receiver.

4. The Cessna is encumbered by a first mortgage / lien to Cessna Finance Corporation or its successor dated November 8, 2005, in the original principal amount of $2,704,337.44 and recorded with the Federal Aviation Administration. The Receiver believes that as of the date hereof, the balance due thereunder is approximately $1,300,000.00.

5. The Receiver believes that it is in the best interest of the Receivership Estate to sell the Aircraft to Buyer pursuant to the Offer, because (i) the Receiver has no ability to operate or lease the Aircraft to generate revenues for the Receivership Estate, (ii) the Receivership Estate has substantial equity in the Aircraft that can only be realized through their sale; (iii) the Aircraft are depreciating in value, such that a prompt sale will maximize the value to be received by the Receivership Estate, and (iv) the Receiver's ongoing obligation to preserve and protect the Aircraft is draining

the Receivership Estate of cash for expenses such as insurance and storage and, in the case of Cessna, interest payments.

6. Pursuant to the Offer, except as set forth in the Offer, the Aircraft will be sold in an "as is, where is" condition, free from warranties, whether implied or express. Other essential terms of the Offer include: (i) Buyer's right to a pre-closing inspection and test flight of each Aircraft, in each case acceptable to Buyer in its sole discretion, (ii) delivery of a Receiver's Bill of Sale in mutually acceptable form, (iii) the Receiver's payment of any brokerage fees or taxes due incident to the sale of the Aircraft to Buyer, and (iv) entry of an order of this Court, in form and substance reasonably acceptable to Buyer, by no later than February 28, 2011, authorizing the Receiver to sell the Aircraft to Buyer pursuant to the Offer, free and clear of all liens, claims and encumbrances. In addition, the Offer provides that if the Receiver accepts a higher or otherwise better offer for the Aircraft made by a third party as a result of this Motion, the Offer will terminate and Buyer shall be reimbursed for up to $50,000.00 of the reasonable costs and expenses incurred in connection with this proposed transaction (the "Expense Reimbursement").

7. The Aircraft shall be sold free and clear of all liens, claims, liabilities, equities, exceptions, contracts, options, obligations, encumbrances, charges, rights of third parties (whether express or implied), restrictions, mortgages, security interests, and other liabilities of any nature.

8. The proceeds of the sale of the Aircraft, subject to the approval of the Court, shall be distributed as follows:

   a. Mortgage / lien payoff to Cessna Finance Corporation, or its successor, in the amount of the remaining principal balance of the loan plus accrued interest, or approximately $1,300,000.00, on account of the sale of the Cessna;
   b. Broker's / auctioneer's commission, if any, as approved by the Court;
   c. Normal closing costs payable by the seller / Receiver, including without limitation any brokerage fees or taxes due on sale;
   d. The remaining balance will be paid into the Receivership Estate as directed by the Receiver.

9. Any perfected, enforceable valid liens shall attach to the balance of the proceeds of the sale, after deducting the payment for any closing costs as set forth in the Offer, in accordance with the priorities established under applicable law.

10. The Receiver will notify all interested parties, including the brokers and prospective purchasers of the Aircraft known to the Receiver as a result of his marketing effort to date, of the proposed sale of the Aircraft. Any objection to the proposed sale must be made by way of a competing bid to acquire the Aircraft, filed with this Court and served upon the Receiver, on the same terms and conditions set forth in the Offer (except that any competing bid shall not include any Expense Reimbursement or similar protection, and must be accompanied by a earnest money deposit of $50,000 paid by certified check or otherwise immediately available funds), and must be in an amount not less than $4,700,000, to provide a reasonable overbid from the Offer so as to fund payment of the Expense Reimbursement to the Buyer as well as the incremental transaction costs to the Receiver of addressing a competing bid or bids.

11. In the event that the Receiver receives any competing bids to acquire the Aircraft, the Receiver reserves the right to solicit further bids from and/or to conduct an auction among all competing bidders, including (at its election) the Buyer, to determine the highest or otherwise best offer to acquire the Aircraft unless such Buyer exercises its right to terminate the Agreement under the terms thereof. The Receiver reserves the right to accept the highest or otherwise best offer to purchase the Aircraft, and any sale of the Aircraft shall be subject to the approval of this Court upon completion of any further bidding or auction process.

12. In order to meet the February 28, 2011 deadline to close the sale pursuant to the Offer, the Receiver requests that this Court enter its order, substantially in the form of **Exhibit B**, (i) authorizing and directing the Receiver to provide notice of the proposed sale to interested parties, including the brokers and prospective purchasers of the Aircraft known to the Receiver as a result of his marketing effort to date, (ii) scheduling a hearing on this Motion, and the sale proposed herein (and any alternative proposed sale of the Aircraft resulting from this Motion), for a date

from February 21 through February 28, 2011, and (iii) in the event no qualified competing bid to acquire the Aircraft is received by the Receiver and filed with the Court by **February 20, 2011**, authorizing and directing the Receiver to consummate the sale of the Aircraft to Buyer pursuant to the Offer (without requiring the hearing scheduled pursuant to preceding clause (ii)), including through entry of a separate sale order to be submitted by the Receiver.

WHEREFORE, the Receiver respectfully requests that the Court enter an Order:

1. Scheduling a hearing on this Motion for a date from February 21 through February 28, 2011;

2. Approving forthwith the form of notice of the Motion and the Offer, and of the proposed sale of the Aircraft, attached hereto as **Exhibit C**, and directing the Receiver to transmit such notice to interested parties, including the brokers and prospective purchasers of the Aircraft known to the Receiver as a result of his marketing effort to date;

3. Authorizing and empowering the Receiver to take such further actions as are necessary, appropriate, and/or desirable to consummate the Offer or any alternative sale of the Aircraft resulting from this Motion; and

4. Granting such other relief as the court deems just and proper.

                                          Respectfully submitted,
                                          Carl F. Jenkins, Receiver
                                          By his attorneys,

                                          /s/ Donald H. C. Libbey
                                        Donald H. C. Libbey BBO # 638397
                                        Steven J. Marullo BBO # 323040
                                        Donald H. C. Libbey, P. C.
                                        P.O. Box 920612
                                        210 Highland Avenue, Ste. 2
                                        Needham, MA 02492
                                        (781) 444-0044
                                        (781) 444-0944 (facsimile)
                                        dhclibbey@lawboston.com

Date: January 31, 2011                          sjmlaw@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that I served the within document(s) through the ECF system, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants as of the date herein.

                                                          /s/ Donald H. C. Libbey  
                                            Donald H. C. Libbey

Dated: January 31, 2011