UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL NAPS, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON NEW ENGLAND, INC., )<br>Defendant. )<br>) | Civil Action No. 02-12489-RWZ<br><br>Civil Action No. 05-10079-RWZ |

## ORDER

At Boston, Massachusetts, in said District this _22d_ day of February, 2011.

This matter having come before me on the Receiver's Motion For An Order Authorizing The Sale of Property (Aircraft) of the Estate free and clear of liens and encumbrances, due notice having been provided to all interested parties, and a hearing having been held on said Motion and Objections thereto, such Objections having been overruled in their entirety, or, upon determination by this Court that no hearing is necessary since no objections were timely filed, and having found that the sale is in the best interest of the Receivership Estate, it is hereby

**ORDERED**

1. The Receiver is hereby authorized to sell the Property located in the Commonwealth of Massachusetts, to wit: the Pilatus PC 12/45 aircraft and the Cessna 525B CJ3 (collectively either the "Aircraft" or the "Property") by private sale to _Pro Star Pilatus Center_ or its nominee, (hereinafter the "Buyer") upon the terms and conditions contained in the Agreement attached hereto as Exhibit A (the "Agreement"), and the Agreement is approved in its entirety. The Aircraft are being sold "as is, where is", subject to final inspections and test flights (collectively "Final Inspections") by the Buyer, which Final Inspections shall occur within 21 days after the entry of this Order. The Receiver will not be responsible to cause any repair to either Aircraft as

a result of such Final Inspections, and the Buyer can decline to purchase such Aircraft in the event that the results of one or both of the Final Inspections are unacceptable to Buyer in its sole discretion.

2. Said sale shall be and is free and clear of all liens, claims, liabilities, equities, exceptions, contracts, options, obligations, encumbrances, charges, rights of third parties (whether express or implied) restrictions, mortgages, security interests, and other liabilities of any nature.

3. Any and all valid liens and encumbrances, duly perfected and enforceable, shall attach to the sale proceeds according to the priorities under applicable law.

4. The Purchase Price to be paid by the Buyer for the Aircraft under the Agreement is the highest and best offer received for the Aircraft, is fair and reasonable and constitutes reasonably equivalent value and fair consideration under applicable federal and state law.

5. The Receiver is authorized to take whatever actions are deemed necessary or appropriate and issue, execute and deliver whatever documents as may be necessary or appropriate to implement and effectuate the Agreement in accordance with the terms thereof and this Order.

6. Each creditor, governmental unit and other party in interest is permanently enjoined and prohibited from taking any action against the Buyer or the Aircraft, or otherwise interfering with the Buyer's use of the Aircraft, in contravention of the rights granted to the Buyer hereunder based upon or by reason of any claim or agreement which such person has or had against CJ3, Inc., RJ Equipment, Inc. or any of their affiliates, provided that such claim or agreement arose or accrued, whether known or unknown, contingent or unliquidated, as of or prior to the closing of the sale of the Aircraft to the Buyer.

7. The Receiver is authorized to pay off the security interest on the Cessna 525B CJ3 to Cessna Finance Corp. its successor or assign ("Cessna Finance") in the approximate amount of $1,300,000.00, or in accordance with the payoff statement provided by Cessna Finance prior to closing, directly from the proceeds of the sale.

8. The Receiver shall pay directly from the sale proceeds all taxes due and owing on the Property, if any.

9. The Receiver is authorized to pay directly from the sale proceeds a broker's commission of 4% of the gross sale price for the Property to William M. Whelan as approved by this Court.

10. The Receiver shall pay directly from the sale proceeds any and all reasonable closing costs associated with the sale of the Property which are normally payable by a seller of such property.

11. The balance of the sale proceeds shall be placed in the Receiver's receivership account to be distributed pursuant to the Order Appointing Receiver herein dated May 6, 2010 as Amended on May 13, 2010, or by further Order of this Court.

12. This Court shall retain jurisdiction over this sale until such time as the final closing hereunder occurs and title to such aircraft are transferred to said Buyer, or its nominee.

_____
Honorable Rya W. Zobel
United States District Court

13. If ProStar Pilatus Center fails to close within 30 days, it is deemed to have abandoned the purchase of the aircraft and the Receiver may accept the next highest bid which is that of Arttell Holdings, Inc. and which shall close within 30 days of its acceptance.

RWZ
2/22/11

3