UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLOBAL NAPS, INC.,            )<br>           Plaintiff,              )<br>                                         )<br>v.                                      )<br>                                         )<br>VERIZON NEW ENGLAND, INC., )<br>           Defendant.            )<br>                                         ) | Civil Action No. 02-12489-RWZ<br><br>Civil Action No. 05-10079-RWZ |

### RECEIVER, CARL F. JENKINS' *LIMITED* OBJECTION TO VERIZON NEW ENGLAND'S MOTION TO SELL REAL PROPERTY

Carl F. Jenkins, the duly appointed Receiver herein, by and through his counsel, hereby files his *Limited* Objection to Verizon New England's Motion To Sell Real Estate, and states in support of such *Limited* Objection the following:

1. On May 5, 2010, Carl F. Jenkins was appointed by this Court as Receiver of Global NAPS, Inc., and its subsidiaries, affiliates and related entities (hereinafter collectively the "Judgment Debtors") pursuant to an Order dated May 6, 2010, and an Amended Order dated May 13, 2010 (hereinafter collectively the "Order").

2. Pursuant to paragraph 1 of the Order, the Receiver took possession of the various personal property and real property (hereinafter the "Receivership Property") of the Judgment Debtors. The Receivership Property includes the stock and concomitant assets of Chesapeake Investment Services, Inc., one of the Global NAPs, Inc. affiliated entities and a Judgment Debtor hereunder.

3. Verizon New England, by and through its Motion To Sell Real Property, seeks an Order from this Court authorizing the sale of the property located at 321 Heath Street, Brookline, Massachusetts in partial satisfaction of Verizon's $57 million judgment herein against Mr.

Gangi and others. Verizon alleges in its motion that Mr. Gangi is the *de facto* owner of the Heath Street property despite title being held in a nominee real estate trust.

4. As part of their sealed motion, Verizon alleges that the Heath Street property was encumbered by a mortgage with Chesapeake Investment Services, Inc. as the holder/mortgagee in the amount of $15 million. It is alleged in the motion, that the $15 million mortgage was discharged by Chesapeake Investment Services on or about June 7, 2006.[1]

5. The Receiver believes that it is in the best interest of the Receivership Estate to review the circumstances behind the granting of said $15 million mortgage and the discharge thereof, and to ascertain the consideration underlying both the granting and discharge of said mortgage. If the mortgage was not properly discharged and/or was discharged without consideration, then a determination must be made as to whether the mortgage is still viable; whether the $15 million Promissory Note secured by the mortgage was returned as being satisfied; and whether Chesapeake as an entity in the Receivership Estate, has any interest in the Heath Street property that would benefit any and/or all of the creditors of the Receivership Estate.

   WHEREFORE, the Receiver respectfully requests that the Court enter an Order:

   a. Scheduling a hearing on the Receiver's *Limited* Objection To Verizon New England's Motion To Sell Real Property; and

   b. Granting such other relief as the court deems just and proper under the circumstances.

---

[1] Until the filing of Verizon's motion, the Receiver was unaware of the circumstances of the Chesapeake Investment Services $15 million Promissory Note and mortgage, and the alleged discharge of said mortgage.

Respectfully submitted,
Carl F. Jenkins, Receiver
By his attorneys


     /s/ Donald H. C. Libbey
Donald H. C. Libbey BBO # 638397
Steven J. Marullo BBO # 323040
Donald H. C. Libbey, P. C.
P.O. Box 920612
Needham, MA 02492
(781) 444-0044
(781) 444-0944 (facsimile)
dhclibbey@lawboston.com
sjmlaw@verizon.net

Date: February 23, 2011


CERTIFICATE OF SERVICE

     I hereby certify that I served the within document(s) through the ECF system, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants as of the date herein.

     /s/ Donald H. C. Libbey
Donald H. C. Libbey

Dated: February 23, 2011