UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLOBAL NAPS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VERIZON NEW ENGLAND INC., d/b/a VERIZON MASSACHUSETTS,<br><br>　　　　Defendant,<br><br>　　v.<br><br>GLOBAL NAPS NEW HAMPSHIRE, INC.;<br>GLOBAL NAPS NETWORKS, INC.;<br>GLOBAL NAPS REALTY, INC.;<br>CHESAPEAKE INVESTMENT SERVICES, INC.;<br>1120 HANCOCK STREET, INC.;<br>FERROUS MINER HOLDINGS, LTD.;<br>RJ EQUIPMENT, INC.;<br>CJ3, INC.;<br>321 HEATH STREET REALTY TRUST, MICHAEL COUTURE, TRUSTEE; and<br>FRANK GANGI,<br><br>　　　　Counterclaim Defendants. | Civil Action No. 02-12489 - RWZ<br>Civil Action No. 05-10079 - RWZ |

### 321 HEATH STREET REALTY TRUST AND FRANK GANGI'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE FURTHER OPPOSITION TO VERIZON'S SEALED MOTION TO SELL REAL PROPERTY

The 321 Heath Street Realty Trust (the "Trust") and Frank Gangi respectfully move to strike all, except the first sentence of the second paragraph on page 5 and Section A on pages 6-7, of Verizon New England's Memorandum in Response to Motions to Intervene and Objections to Motion to Sell Real Property, dated March 9, 2011 and filed under seal. With the exception of that small portion, Verizon's entire

STI 26569v1 03/22/11

memorandum (approximately 17 pages of text) impermissibly replies to points made in the opposition to Verizon's sealed motion to sell real property rather than addressing the motions to intervene. The reply is not even well-disguised. The title of Point B of Verizon's memorandum is "This Court Should Grant the Motion to Sell Over the Objections of Gangi and the Trust."

Reply memorandum are not permitted without leave under the Local Civil Rules for this Court. L. R. 7.1(b)(3). Moreover, his Court has repeatedly admonished that replies are not to be filed in this case. Verizon neither sought, nor was given leave to submit a reply on its motion to sell; instead it tried to sneak its reply arguments into what should be a memorandum in opposition to motions to intervene only. That should not be permitted and the improper material should be stricken.

In the alternative, to counteract Verizon's improper submission, the Trust and Frank Gangi respectfully request leave to file the attached memorandum and supplemental declaration of Eric Osterberg in further opposition to the motion to sell. Those documents are offered to rebut points raised for the first time concerning the propriety of Verizon's motion to sell and admissibility of evidence.

### LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel hereby certifies that he did confer with all counsel of record in a good faith attempt to resolve and/or narrow the issues addressed in the foregoing Motion.

Dated: March 23, 2011

Respectfully submitted,

The 321 Heath Street Realty Trust and Frank Gangi

By: _____
Eric C. Osterberg, Esq.
(admitted pro hac vice)
FOX ROTHSCHILD LLP
One Landmark Square, 21st Floor
Stamford, CT 06901
Telephone: (203) 425-9500
Facsimile: (203) 425-9595
eosterberg@foxrothschild.com
(Attorneys for Frank Gangi and the 321 Heath Street Realty Trust)

O'CONNOR, CARNATHAN & MACK, LLC
Sean T. Carnathan, Esq.
8 New England Executive Park, Ste 310
Burlington, MA 01803
(Attorneys for the 321 Heath Street Realty Trust)

GOOD & CORMIER
Andrew Good, Esq.
83 Atlantic Avenue
Boston, Massachusetts 02110-3711
(Attorneys for Frank Gangi)

## CERTIFICATE OF SERVICE

I certify that on March 23, 2011, this document was served by electronic mail and U.S. mail on the following counsel of record for Verizon:

Robert Weigel, Esq.
Jason Myatt, Esq.
Gibson Dunn & Crutcher
200 Park Avenue
New York, NY 10166
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

                                                      Eric Osterberg