UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-12489-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND INC.

<u>MEMORANDUM AND ORDER</u>

November 19, 2012

ZOBEL, D.J.

Unipoint Services, Inc. ("Unipoint"), and Peering Partners Communications, LLC ("Peering") move to vacate this court's order of May 16, 2012, granting the receiver's motion to compel payment. The motion is granted as to Peering because the receiver's motion to compel payment was apparently never served on Peering. The motion is granted as to Unipoint based on its showing of excusable neglect.

However, due process does not require plenary proceedings to adjudicate the receiver's claim. Peering submitted a claim against the receiver, and stated that "Peering Partners along with its sister company UniPoint Services, Inc. (Unipoint) are requesting to Set-Off services provided to Peering Partners and UniPoint by [the receiver]." Docket # 928, Ex. 2. The claim and accompanying letter were signed by Sam Shiffman, Executive Vice President of Unipoint and previously President of Peering. By submitting a claim and seeking set-off, Peering and Unipoint came before this court in equity. The court's equity jurisdiction extends to claims by the receiver

against them as well as claims by them against the receiver. Due process therefore allows summary proceedings to adjudicate and set off these claims. See Alexander v. Hillman, 296 U.S. 222, 238-43 (1935); 65 Am. Jur. 2d Receivers § 160.[1] Of course, as due process requires, Unipoint and Peering will be able to present evidence and make arguments in those proceedings. See SEC v. Elliott, 953 F.2d 1560, 1567 (11th Cir. 1992).

The court will reserve for those proceedings the question of whether enforcing the asserted forum selection clause would be reasonable under the circumstances. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).

The motion to vacate (Docket # 873) is ALLOWED for the reasons described above, and the court's order of May 16, 2012 is VACATED. Unipoint and Peering have now entered appearances in this case through counsel, and have notice of the receiver's motion to compel payment (Docket # 863) through the court's electronic filing system. Unipoint and Peering shall therefore file any opposition to the receiver's motion by December 3, 2012.  The court will then schedule an evidentiary hearing.

|  |  |
|---|---|
|   November 19, 2012   <br> DATE |   /s/Rya W. Zobel   <br> RYA W. ZOBEL <br> UNITED STATES DISTRICT JUDGE |

---

[1] Nor are Unipoint and Peering entitled to a Seventh Amendment right to jury trial. Katchen v. Landy, 382 U.S. 323, 336-37 (1966).