UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-12489-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND INC.

ORDER

January 28, 2013

ZOBEL, D.J.

This order resolves three motions currently pending in this case.

I. **Motion to Approve Verizon Settlement (Docket # 889)**

On August 10, 2012, the receiver moved for approval of a settlement agreement between Global NAPs[1] and Verizon.[2] The proposed settlement agreement resolves disputed matters currently pending in the U.S. District Court for the Eastern District of New York. Specifically, it settles a civil action filed in 2003 by Verizon against Global NAPs for over $36.9 million, and a second civil action filed in 2007 by Verizon against Global NAPs for over $87.7 million. It also settles counterclaims filed by Global NAPs in the 2003 suit.

---

[1] I use the term "Global NAPs" to refer to Global NAPs, Inc., and its affiliated companies under receivership.

[2] I use the term "Verizon" to refer to the several Verizon-related entities covered by the settlement agreement, namely Verizon New England Inc., Verizon New York Inc., Verizon New Jersey Inc., Verizon Pennsylvania Inc., Verizon Maryland Inc., Verizon Washington, D.C., Inc., and Verizon Virginia Inc.

The terms of the settlement may be summarized as follows. First, the parties will dismiss the cases discussed above, and execute mutual releases regarding those claims and counterclaims. Second, Verizon will reduce its judgment against Global NAPs in the present case by $21.5 million, down to about $36.2 million (a substantial decrease from the original figure of about $57.7 million). Third, Verizon will further reduce its judgment against Global NAPs by an amount equal to the purchase price adjustment in the recent agreement between the receiver and Quality Speaks LLC, up to $500,000.

The only objection to this settlement agreement comes from Frank Gangi, former head of Global NAPs. Gangi contends that Verizon's claims in the New York litigation are disputed and uncertain, while Global NAPs' counterclaims are incontrovertible and worth a guaranteed $45 million. Based on that premise, Gangi asserts that the receiver should not be allowed to settle Global NAPs' counterclaims for less than $45 million in ready cash, and that the receiver should be forced to litigate Verizon's claims to judgment. Gangi also argues that the settlement violates a court order, that it is inequitable, and that the motion to approve the settlement provides inadequate information.

In a receivership, as in a corporate reorganization, "it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, 390 U.S. 414, 424 (1968). The supervising court must review any proposed settlements, however, to ensure that they are "fair and equitable." See In re Boston &

Providence R.R. Corp., 673 F.2d 11, 12 (1st Cir. 1982). To perform that duty, the court must "form an independent judgment of the complexity, expense, and likely duration of litigation, as well as any other factors relevant to a full and fair assessment of the wisdom of the compromise." Id.

Here, I am convinced despite Gangi's objections that the proposed settlement is fair and equitable. First, the terms of the proposed settlement are on their face highly favorable to Global NAPs. Verizon has agreed to dismiss claims for damages exceeding $124.6 million dollars; even if those claims are inflated, they still represent a threat of substantial liability that the present settlement avoids. In addition, Verizon has agreed to reduce the judgment Global NAPs owes by at least $21.5 million, and potentially up to $22 million. In return, Global NAPs has agreed only to release its counterclaims against Verizon. While Gangi considers Global NAPs' claims worth a guaranteed $45 million, I am not convinced Global NAPs could recover that amount. Furthermore, the New York litigation is undeniably complex, and it is sure to prove time-consuming and highly expensive if prosecuted all the way to final judgment. After reviewing the course of the New York litigation thus far, and weighing (to the best of my ability) the merits of the claims asserted and the likely legal costs, I conclude that the proposed settlement is fair and equitable.

I have also considered Gangi's other objections and find they lack merit. For the reasons stated above, the proposed settlement is approved.

**II.     Motion for Contempt and for Partial Relief from Judgment (Docket # 906)**

Gangi moves to hold Verizon New England Inc. in contempt for using judgment

dollars to aid the bid made by Quality Speaks, LLC for the Broadvoice and Convergent assets. But as Verizon New England and the receiver explain in their oppositions, Verizon New England did not use judgment dollars to aid Quality Speaks' bid. Instead, after the bidding process was complete, Verizon entered separate settlement negotiations with the receiver over the pending litigation in the Eastern District of New York. As part of that proposed settlement, as discussed above, Verizon agreed to reduce its judgment by an amount equal to the purchase price adjustment in the Quality Speaks agreement. But that subsequent reduction did not retroactively aid Quality Speaks in the earlier bidding process. As such, Verizon did not violate the court order enjoining it from using judgment dollars in the bidding. The motion is therefore denied.

### III.     Motion for Clarification (Docket # 916)

Finally, Gangi moves to involve his counsel in reviewing certain documents for attorney-client privilege. The receiver has worked out a review procedure with Gangi's previous attorney, William Rooney, to proceed as follows: First, the receiver's delegate will review the documents in question. Second, Rooney will review any documents that the receiver's delegate considers related to Global NAPs. Third, Rooney will create a privilege log for any documents he believes are privileged. Rooney will then notify the putative client (presumably Gangi) of those documents, and the putative client will then have an opportunity to be heard before the documents are disclosed to the receiver.

Gangi wishes his present counsel to review the documents alongside Rooney. That would be inappropriate and unnecessary. Gangi's interests are sufficiently protected by the privilege log, and he will have an opportunity to be heard if Rooney

finds any documents as to which Gangi might be able to assert a privilege. Therefore, the motion for clarification is denied. The review procedure will proceed as initially authorized and as outlined above.

## IV.     Conclusion

The motion to approve the Verizon settlement (Docket # 889) is ALLOWED. The motion for contempt (Docket # 906) and the motion for clarification (Docket # 916) are DENIED.

|  |  |
|---|---|
|    January 28, 2013    <br> DATE |    /s/Rya W. Zobel    <br> RYA W. ZOBEL <br> UNITED STATES DISTRICT JUDGE |