UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-12489-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND, INC.

<u>ORDER</u>

February 1, 2013

ZOBEL, D.J.

The receiver has moved for approval of a settlement agreement between Global NAPS Realty, Inc. ("GNRI"), one of the entities under receivership, and Sunrise Tech Park Co. LLC ("Sunrise"), a Delaware limited liability company that leased commercial space to GNRI. The only objection filed to this proposed settlement comes from the Universal Service Administrative Company ("USAC"), which complains that the proposed settlement improperly favors Sunrise over other claimants and fails to distinguish between Sunrise's pre- and post-receivership claims.

In a receivership, as in a corporate reorganization, "it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts." <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson</u>, 390 U.S. 414, 424 (1968). The supervising court must review any proposed settlements, however, to ensure that they are fair and equitable. See <u>In re Boston & Providence R.R. Corp.</u>, 673 F.2d 11, 12 (1st Cir. 1982). To perform that duty, the court

must "form an independent judgment of the complexity, expense, and likely duration of litigation, as well as any other factors relevant to a full and fair assessment of the wisdom of the compromise." Id.

Here, I am convinced that the proposed settlement is fair and equitable. First, although the proposed settlement requires the receiver to pay Sunrise $135,000, that amount is a substantial reduction from the nearly $200,000 that Sunrise originally demanded. The proposed settlement also avoids the litigation expenses that would be required to resolve Sunrise's claims in court. Assessing (to the best of my ability) the merits of the case and the likely cost of litigation, I find the terms of the proposed settlement reasonable. Furthermore, the proposed settlement has allowed the receiver to increase the total value of the assets under receivership. As the receiver explains briefly in his motion, and as I understand from my supervision of the receivership process, an appreciable quantity of Global NAPs assets were stored on the premises leased from Sunrise. The proposed settlement has afforded the receiver time to organize and dispose of those assets, as well as providing further revenue from an existing subtenant. The proposed settlement thus does not unfairly favor Sunrise over other claimants; instead, it reflects a considered business decision to settle Sunrise's claims in order to add value to the receivership property as a whole. Likewise, although the proposed settlement does not distinguish between pre- and post-receivership claims, it settles all of Sunrise's claims on terms that have allowed the receiver to efficiently marshal Global NAPs' assets and dispose of them as quickly and profitably as possible.

For these reasons, the receiver's motion (Docket # 920) is ALLOWED. The proposed settlement is APPROVED.

|  |  |
|---|---|
| February 1, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |