UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-12489-RWZ
CIVIL ACTION NO. 05-10079-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND, INC.

ORDER

July 9, 2014

ZOBEL, D.J.

At Boston, Massachusetts, in said District this 9th day of July 2014.

This matter having come before me on the Receiver's Motion for Further Instructions and Orders and to Compel Production of Documents from Cambridge Savings Bank (the "Motion"), and afer consideration of the Motion and opposition thereto, the Motion is ALLOWED.

The Receiver's request for documents from Cambridge Savings Bank relates to ascertaining Frank Gangi's interest in the several properties at issue in the Show Cause, and the Receiver's obligation under the Amended Order for Keeper and Receiver (the "Amended Order") to take any action to identify, safeguard and preserve Receivership Property.

It is hereby ORDERED:

1. Cambridge Savings Bank shall produce, within seven (7) calendar days after

service of this order, to the Receiver all documents responsive to the Receiver's Subpoena Duces Tecum in connection with Account No. XXXXXX421 and Account No. XXXXXX158;

    2. Documents produced to the Receiver by Cambridge Savings Bank pursuant to this order shall not be disclosed as provided for under the terms of the Confidentiality Agreement and made a part of this order, absent further order of this court; and

    3. All until further order of this court.


|  July 9, 2014  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-12489-RWZ
CIVIL ACTION NO. 05-10079-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND, INC.

## CONFIDENTIALITY AGREEMENT BY THE RECEIVER

July 9, 2014

ZOBEL, D.J.

The Receiver for Global Naps, Inc., and affiliated companies, Carl F. Jenkins ("the Receiver""), by and through undersigned counsel, hereby stipulates and agrees as follows:

1. All documents produced by Cambridge Savings Bank shall be confidential documents and shall be given confidential treatment as described below.

2. The confidential documents produced by Cambridge Savings Bank in this action shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided below.

3. Except upon the prior written consent of a party or upon order of this court, the confidential documents in this action may be shown, or the contents thereof disclosed, only to the following persons and only subject to the terms of this Confidentiality Agreement: (1) the Receiver, (2) the undersigned counsel for the

Receiver and their law firm staff, and (3) independent experts and consultants retained by the Receiver for purposes of the preparation of any deposition, hearing and/or trial related to this matter.

    4. All individuals above to whom confidential documents are disclosed shall be provided with a copy of this Confidentiality Agreement and shall be advised that they are required to comply with the conditions described herein.

    5. Notwithstanding the above, and only to the extent reasonably necessary, the Receiver may quote and attach pertinent excerpts from the confidential documents in public court filings following which such quotes and/or attached excerpts shall no longer be considered confidential. To the extent that he wishes any such quotes and/or attached excerpts to remain confidential, such information shall be filed under seal.

    6. The undersigned counsel affirm that they have the authority to bind the Receiver to this Confidentiality Agreement.

AGREED TO AND ACCEPTED:

Dated: _____
                                            Donald H. C. Libbey, Esq.

Dated: _____
                                            Steven Marullo, Esq.