UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLOBAL NAPS, INC., | ) | Civil Action No. 02-12489-RWZ |
| Plaintiff, | ) | Civil Action No. 05-10079-RWZ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| VERIZON NEW ENGLAND INC., | ) | |
| Defendant. | ) | |

**RECEIVER, CARL F. JENKINS'
MOTION FOR APPROVAL OF RECEIVER'S
FINAL SUPPLEMENTAL ACCOUNTING
<u>AND FOR AN ORDER DISCHARGING THE RECEIVER</u>**

NOW COMES the Court Appointed Keeper and Receiver, Carl F. Jenkins ("Mr. Jenkins" or "Receiver"), by and through his attorneys, and respectfully moves this Honorable Court for (1) approval of the Receiver's Final Supplemental Accounting;[1] (2) authority for final distribution of Receivership funds to Approved Claimants[2]; (3) authority for the destruction of Receivership books and records; (4) confirmation and continuation of the indemnification and hold-harmless provisions of the Amended Order for Appointment of Keeper and Receiver (the "Receivership Order") (*Dkt.624, ¶10)* following the discharge of the Receiver; (5) authorization to assign any and/or all remaining known and unknown assets to

---

[1] Together with the Court approved Interim Accounting and Supplement to Interim Accounting (collectively the "Receivership Accounting").  The Receiver's Final Supplemental Accounting is filed without reference to and/or deductions for any final distribution of funds to Approved Claimants, which distribution is requested as part of this Motion, and/or pending invoices received after September 30, 2018. Copies of financial and other documents supporting the Final (Second Supplemental) Accounting are available for review at the office of CBIZ upon reasonable written notice to the Receiver and on a mutually convenient date and time.
[2] *See, Dkt.1246 approving Dkt.1003.*

Judgment Creditor Verizon; and (6) to discharge the Receiver from further responsibilities, duties and obligations of the Amended Receivership Order.

In support hereof, the Receiver states as follows:

On May 6, 2010, this Court appointed Carl F. Jenkins as Receiver of the Judgment Debtors herein, including various affiliated entities, and Frank Gangi.  As Receiver, Mr. Jenkins had the usual powers and duties of a Receiver according to the laws of the Commonwealth of Massachusetts and the equity powers of the United States District Court. On May 13, 2010, this Court entered the Receivership Order. (*Dkt.624*).

The Receivership Order in ¶1 provides, in part, that the Receiver shall ". . . have the usual powers and duties according to the laws of the Commonwealth" of Massachusetts, and that ". . . the Receiver is authorized to take any actions to identify, safeguard and preserve the assets of Judgment Debtors, to make all business decisions over the assets and operations of the Judgment Debtors, [   ] to implement, satisfy and enforce the [Receivership] Order[,] [to contact and direct] customers and other payors to make payments into an account or accounts designated by the Receiver, and [to approve] all payments to vendors, suppliers, employees and other payees."

Paragraph 3 of the Receivership Order provides, in part, that "[t]he Receiver shall cause all funds that are Receivership Property (as that term is defined in ¶2 of the Receivership Order) to be deposited in such account or accounts that the Receiver establishes for the purpose of holding [R]eceivership [P]roperty."

Paragraph 4 of the Receivership Order provides, in part, that "[t]he Receiver shall collect all receivables and other debts or monies owed to Judgment Debtors and Judgment Debtor's Subsidiaries and deposit such funds in the Receiver Account (the 'Receiver Account(s)')."

The Receivership Order at ¶5 provides, in part, that [t]he Receiver shall determine and make payments solely for ordinary course business expenses actually and reasonably incurred by Judgment Debtors and Judgment Debtor's Subsidiaries; and shall provide an accounting thereof to the Court, Judgment Debtors Verizon, and SNET."

Paragraph 6 of the Receivership Order provides, in part, that "[t]he Receiver shall identify and report to the Court, Judgment Debtors, Verizon, and SNET all sources of all receivables and other debts or monies paid to Judgment Debtors by third parties, including affiliates of Judgment Debtors."

## I.    Approval of Final Supplemental Accounting

Previously, this Court entered various orders approving the Receiver's final accounting and his accompanying narrative of the activities of the Receivership. (*Dkt.1254, Dkt.*1316). The Court approved the Receiver's supplemental and interim accountings and narratives filed during the course of the Receivership from inception through December 2015.  The Court's prior orders approved the Receiver's Accounting(s) and approved of the *manner and method* used by the Receiver for his accounting of the Receivership, along with the Receiver's narrative(s) of his activities as Receiver, including significant transactions, milestones and other noteworthy events.  **Exhibit "1"** and **Exhibit "2"** attached hereto respectively,[3] constitute the Receiver's Final Supplemental Accounting of the Receivership and Final Narrative for the period November 1, 2015 through September 30, 2018.[4]

As provided for under the Receivership Order, the Receiver determined, in his reasonable business judgment, to account for the operations of the Receivership on a cash

---

[4] Exhibits "1A" and '1B' supplement the Receiver's previous accounting(s) already approved by the Court (*Dkt.1254, Dkt.1316*), which collectively shall constitute the "Receivership Accounting" for the period prior to any final distribution of Receivership Funds to Approved Claimants (*Dkt.1246 approving Dkt.1003*).

basis. As a result, the Receiver caused to be prepared Schedules of Cash Receipts and Disbursements (the "CRDs") for the Court, Judgment Debtors, Verizon, and SNET (and others by request).

Exhibit "1" includes CRDs for operations and other related financial information, including monthly cash receipts and disbursements during the applicable period. Exhibit "1" also includes disclosure of the administrative expenses of the Receivership, including expenses for the Receiver, and of those under the direction and control of the Receiver, all in the performance of the Receiver's duties under the Receivership Order from November 1, 2015 through September 30, 2018. Exhibit "1" also includes beginning and ending bank balances for the operating and Receivership bank account(s) from November 1, 2015 through September 30, 2018.

The Receiver has also caused to be prepared and filed herewith as Exhibit "2", a Supplemental Narrative of significant activities from November 1, 2015 through September 30, 2018. Collectively, Exhibit "2" and any previous narrative(s) shall constitute the "Final Receivership Narrative". (Collectively with *Dkt.1232-2*). Exhibit "2" is intended to provide details of events, milestones and other activities of the Receiver for the applicable time period. Following the filing of this Motion and supporting exhibits, the Receiver shall cause to be uploaded to the Receiver's website:

www.globalnapsclaimsprocess.com

copies of this Motion, Exhibits "1" and "2", the other monthly details of receipts and disbursements from November 1, 2015 through September 30, 2018.

## II.      Final Distribution of Receivership Funds

As of September 30, 2018, the Receiver held Receivership funds of approximately $300,000.00. As part of his motion, and after the payment of final Receivership expenses, the

Receiver requests authority to make a <u>final</u> distribution to Approved Claimants following the granting of the within motion by the Court.  Any such final distribution shall be subject to the final resolution of any appeal and the payment of the administrative expenses of the Receivership. Any such distribution shall be in accordance with the list of Approved Claimants attached hereto as **Exhibit "3"**, and in the pro rata share referenced therein for each such Approved Claimant.[5] The Receiver shall have authority to issue "stop payment of checks/orders" on any distribution made to Approved Claimants which remain unsettled and/or not negotiated following a period of sixty (60) days from the date of distribution of such funds by the Receiver.  All such unsettled funds shall thereafter be distributed by the Receiver directly to Verizon without further order of the Court.

### III.    Destruction of Receivership Books and Records

The Receiver retains custody and/or control over various historic corporate books and records of the Judgment Debtors, including Global NAPS, Inc. and its several related entities, and other books and records (collectively "Books and Records") generated from the Receivership and the Receiver's activities. The Receiver seeks authority to dispose of the Receivership Books and Records using suitable methods, on a date or dates, at a place or places, and in a manner or method as determined by the Receiver is his sole and absolute discretion following the final disposition of any appeal. The destruction of such Books and Records shall include, but not be limited to, the historical books and records of the Judgment Debtors, the various Global NAPS, Inc. entities, books and records of the Receivership, including those maintained, if any, by the Receiver, CBIZ, Duff & Phelps, and/or Receiver's

---

[5] The distribution of funds to Verizon shall be subject to the Court approved settlement agreement between the Receiver, Verizon, USAC and Amtrak.

counsel, and shall include authority to terminate hosting of the Receiver's website:

www.globalnapsclaimsprocess.com and expenses of such hosting.

### IV. Reaffirmation and Provision of Receiver's Indemnification and Hold Harmless Following Discharge

Following his appointment as Receiver, Mr. Jenkins undertook his duties in good faith, and in reliance on the powers, duties and obligations as set forth in the Receivership Order and/or any subsequent order(s) entered by the Court relating to the powers, duties and responsibilities of the Receiver. (*Dkt#624 and various orders*).

Paragraph 10 of the Receivership Order provides that the Receiver "may incur the risks and obligations ordinarily incurred by receivers, provided that the receiver shall have no personal liability for his acts or omissions as Receiver other than gross negligence or willful misconduct." The Receivership Order at ¶10 further provides for indemnification and holds the Receiver harmless "for any loss or liability of any nature whatsoever, and against the expense of defending against same, except as to any act or omission determined by the court to be gross negligence or willful misconduct." (*Dkt.624, ¶*10).

The Receiver requests that the Court confirm and reaffirm the indemnification and hold harmless provisions of the Receivership Order; and further, that any subsequent order entered by this Court discharging the Receiver provide for the Receiver and all others under his direction and control, indemnification and harmless from any and all loss or liability, and against the expense of defending against same, and/or damages resulting from the performance of his duties as Receiver and their services provided at the sole direction and control of the Receiver, except as to any act or omission determined by the Court to be gross negligence or willful misconduct, and that the Court retain jurisdiction over any issues related to the Receivership and this indemnification following the Receiver's discharge.

## V.      Assignment of Remaining Known and Unknown Assets to Verizon

The Receiver requests authority to assign all of his right, title and interest in and to any and/or all of the remaining known and/or unknown assets of the Receivership to Verizon and/or its designee.  For any assets that Verizon elects not to accept assignment, the Receiver seeks authority from the Court to abandon such assets.

Currently, the known remaining assets include the Receiver's $125,000.00 unsecured claim in the pending Unipoint/Peering Partners consolidated ("Unipoint") bankruptcy; the order of payment entered by this Court against Reynwood Communications ("Reynwood") in the amount of $496,340.00; and the shares and shareholder voting interests in the Judgment Debtors and the various other GNAPs entities.

In October 2018, the Bankruptcy Trustee in the Unipoint matter represented to Receiver's counsel that a ten (10%) percent dividend for unsecured creditor claims was possible.  To date, however, no dividend has been received, and the Receiver is unaware of when any dividend will be paid.  The Receiver believes and avers that should any dividend ultimately be paid from the Unipoint bankruptcy estate, it will be *de minimis* in relation to the $125,000.00 claim submitted by the Receiver. In the Receiver's reasonable business judgment, the possibility of the receipt of a *de minimis* dividend versus the continuation of the Receivership, should not prevent the discharge of the Receiver and the closing of the Receivership.  Assigning this claim to Verizon will be in the best interest of the Receivership Estate and will assist in the winding-up of the Receivership.

The Receiver believes and avers that the $496,340.00 Reynwood receivable, while likely collectible, would involve the Receiver in new litigation and additional expense, including the likelihood of a separate collection activity in New Jersey and the retention of

local counsel.  Any such activity, with no end date for the possibility of a recovery, would require the further continuation of the Receivership.

To date, the Receiver has been unsuccessful in his attempts to monetize the Reynwood receivable and is reluctant to continue with any collection activity if it would impede concluding the Receivership and the discharge of the Receiver.

In the recent past, the Receiver received an offer of $25,000.00 for the Reynwood receivable, the Unipoint claim, and all other known and unknown assets of the Receivership Estate. Despite good faith discussions with the offeror, no agreement was reached.  Based on the fact that previously unknown assets might surface,[6] the Receiver was reluctant to agree to the offered price and believes and avers that it would be in the best interest of the Receivership Estate to assign any and all remaining known and unknown assets to Judgment Creditor, Verizon.[7]

The assignment and/or abandonment of the known and unknown assets will allow for a wind-up of the Receivership and would allow for the discharge of the Receiver.  To assist in closing the Receivership and allowing for the discharge of the Receiver, the Receiver believes and avers that obtaining authority to assign any and/or all of the known and unknown assets to the largest Approved Claimant and Judgment Creditor, Verizon, is reasonable under the circumstances and in the best interest of the Receivership Estate.  The abandonment of any assets that Verizon elects not to receive, would also be reasonable under the circumstances and in the best interest of the Estate.

---

[6] This is especially relevant in light of the Receiver's latest discovery and the recovery of the undisclosed failure to pay consideration from Ferrous Miner's 2006 real estate sale.
[7] In addition to its administrative claims, Verizon's outstanding Judgment remains more than $30 million, not including accruing interest.

## VI.   <u>Discharge of the Receiver</u>

Exhibits "1" and "2" provide to the Court and interested parties the Receiver's Final Supplemental Accounting from November 1, 2015 through September 30, 2018, as well as his Final Supplemental Narrative for the same period.

The Receiver requests that the Court discharge him from his duties as Receiver, <u>subject to</u> (i) the Receiver distributing the remaining funds to Approved Claimants and in the percentages referred to in Exhibit "3" after satisfying Receivership administrative expenses, and (ii) distributing any left-over funds to Verizon from *expired* distribution payments, as the case may be, and (iii) assigning any and/or all of the known and/or unknown assets to Verizon and/or its designee, and/or the abandonment of any such unassigned assets, and the Receiver filing a declaration attesting to his compliance with the above and any other requirements of a discharge order entered by the Court.

WHEREFORE, for any one or all of the foregoing reasons, the Receiver, Carl F. Jenkins, respectfully requests that this Honorable Court make appropriate findings and rulings, and enter an order:

a.   Accepting and approving the Receiver's Final Supplemental Accounting (Exhibit "1") and his Final Supplemental Narrative (Exhibit "2");

b.   Accepting and approving the *Pro rata* distribution to those Approved Claimants listed in Ex. "3" attached hereto, and authorizing the Receiver to distribute the remaining Receivership Funds to the Approved Claimants and in the percentages referenced on Exhibit "3" and pursuant to the prior Court approved settlement agreement between the Receiver, Verizon, USAC and Amtrak, subject to the payment of outstanding Receivership administrative expenses necessary to wind-up the Receivership, and

further, subject to the final disposition of any appeal filed in regard to any discharge

order entered by the Court;

    i.   Authorizing the Receiver to issue "stop payment for checks/orders" on any

distribution made to those Approved Claimants which remain unsettled following the

period of sixty (60) days from the date the Receiver distributes the funds; and

    ii.   authorizing the Receiver to thereafter distribute all left-over funds, if any, to

Verizon (and USAC and Amtrak pursuant to the parties settlement agreement) without

further order of the Court;

c.  Authorizing the Receiver to permanently dispose of the Books and Records, as that

term is defined in this Motion, of the Receivership and any related documents, at a

time(s) and date(s), and in a manner(s) and method(s) deemed appropriate by the

Receiver in his absolute and sole discretion, and subject to the final disposition of any

appeal;

d.  Confirming, declaring and ordering that the Receiver, including, but not limited to, his

current and former employers, employees, agents, servants, accountants, attorneys

and/or those persons under the Receiver's direction and control (collectively hereinafter

referred to as the "Receiver"), shall continue to be fully indemnified, defended and held

harmless from and against any and all liabilities, costs and expenses of defending

against the same incurred by the Receiver, and any claims for losses and/or damages,

by reason of any act performed or omitted to be performed by the Receiver in

connection with the discharge of his/their duties and responsibilities under the

Receivership Order (*Dkt.624*) and any subsequent order entered by the Court, except as

to any act or omission determined by the Court to be gross negligence or willful

misconduct.

e.  Authorizing the Receiver to assign to Verizon and/or its designee, all of his right, title and interest in and to any and/or all of the remaining assets of the Receivership, including, but not limited to, the Unipoint bankruptcy claim, the Reynwood receivable, the shareholder interests and voting rights of the shares of the Judgment Debtors and the GNAPs affiliated entities, and any unknown and/or undisclosed assets of the Judgment Debtors and GNAPs affiliated entities.  To the extent that Verizon elects not to accept any of the assets, known and/or unknown, authorizing the Receiver to abandon any such assets;

f.  Make findings and rulings that the Receiver has satisfactorily completed his duties and obligations under the Receivership Order, and thereafter, discharge the Receiver from any further duties and obligations of the Receivership Order following the filing of the Receiver's declaration attesting to his compliance with any such discharge order;

g.  Stating that the Court shall retain jurisdiction over any matter and/or dispute resulting from the original Receivership Order, and/or any subsequent order entered in the action, including any discharge order; and

h.  For any and further relief deemed just and equitable under the circumstance.

Respectfully submitted,
Carl F. Jenkins, Receiver
By his attorneys,

_____*/s/ Donald H. C. Libbey*_____
Donald H. C. Libbey BBO#638397
Steven J. Marullo BBO#323040
Donald H. C. Libbey P.C.
P.O. Box 920612
210 Highland Avenue, Suite 2
Needham, MA 02492
(781) 444-0044
(781) 465-6034 (EFax)
dhclibbey@lawboston.com
sjmlaw@verizon.net

DATED:        December 27, 2018

CERTIFICATE OF SERVICE

I hereby certify that I served the within document(s) through the ECF system, and that copies will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants as of the date herein.

/s/ Donald H. C. Libbey
Donald H. C. Libbey

DATED:        December 27, 2018

MOT122718FINAL/dl/1536-3