UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:02-12489-RWZ
CIVIL ACTION NO. 1:05-10079-RWZ

GLOBAL NAPS, INC.

v.

VERIZON NEW ENGLAND, INC.

MEMORANDUM AND ORDER

July 23, 2019

ZOBEL, S.D.J.

In May 2010, the court appointed Carl F. Jenkins as receiver of the assets of the judgment debtors, including Frank Gangi, for the ultimate purpose of satisfying an outstanding judgment for Verizon New England, Inc. in the amount of $57,716,714. To this end, the court authorized the receiver to identify, safeguard and preserve all property and interests of the judgment debtors. In July 2015, and February 2017, respectively, it approved the receiver's Interim and Final Accountings and instructed the receiver to prepare a Final Supplemental Accounting covering the receivership's post-December 1, 2015, activities. The receiver now moves for approval of this Final Supplemental Accounting and requests discharge. The court received Mr. Gangi's written objections to the motion and held a hearing. The receiver's motion (Docket # 1365) is ALLOWED, in accordance with the following findings and rulings.

1. <u>Final Supplemental Accounting and Final Supplemental Narrative</u>

Mr. Gangi objects to the Final Supplemental Accounting, citing a perceived lack of transparency in the transaction history. Mr. Gangi made similar objections to each of the receiver's previous accountings, each of which objections the court overruled after hearing and upon finding that the receiver's accountings were adequate and the underlying methodology was sound. See Docket ## 1254, 1316. The receiver's identical accounting methodology evidencing the receipts and expenses incurred and paid in administering the receivership estate from and after December 1, 2015 is therefore approved. The court also credits the receiver's representation that, at Mr. Gangi's request, he has shared copies of all non-privileged supporting invoices. Accordingly, the Final Supplemental Accounting and accompanying Final Supplemental Narrative are also herewith approved.

    2.    <u>Disbursement of Remaining Receivership Funds</u>

With his motion, the receiver has included the proposed *pro rata* list of claimants to participate in the final distribution of funds, which the court has already approved in the course of approving a settlement agreement between the receiver, Verizon, USAC and Amtrak (hereinafter, the "settlement agreement"). See Docket ## 1311, 1311-2, 1315, 1365-3. The receiver is, therefore, authorized to make a final distribution of funds to approved claimants *pro rata* in accordance with the settlement agreement, after deducting and paying the expenses incurred in the administration of the receivership estate. The timing of the distribution to claimants is subject to the final disposition of all appeals of this order. The receiver is also authorized to enter a stop

payment order on any checks or funds that remain outstanding sixty (60) days after the final distribution. Any remaining undistributed funds shall be paid to Verizon.

      3.      <u>Books and Records of the Receivership</u>

Upon his appointment, the receiver took possession of financial and other historic books and records then maintained by judgment debtors and the several GNAPs-related entities ("Historic Records"). He also created and maintained records related to his administration of the receivership ("Receivership Records"). The receiver requests authorization to permanently dispose of the Historic and Receivership Records once he is discharged, whereas Mr. Gangi objects and requests that the receiver maintain them for at least three years.

One month after either the final disposition of all appeals of this order, or the lapse of the deadline to file such appeals, the receiver (1) may permanently dispose of the Receivership Records, and (2) shall return to Mr. Gangi all Historic Records, which Mr. Gangi shall receive at the receiver's then storage facility. If Mr. Gangi fails or refuses to accept the Historic Records, the receiver may dispose of them.

      4.      <u>Indemnification of the Receiver</u>

The order appointing the receiver indemnifies him for actions taken in the course of the receivership. The receiver seeks formal reaffirmation of this indemnification upon his discharge, but Mr. Gangi objects to any statement of prospective immunity.

The prior order specifies that the receiver "shall have no personal liability for his acts or omissions as Receiver other than gross negligence or willful misconduct" and correspondingly indemnifies and holds the receiver harmless "for any loss or liability of any nature whatsoever . . . except as to any act or omission determined by the court to be gross negligence or willful misconduct." Docket # 624 ¶ 10. This provision reflects a defining feature of receiverships: as fiduciaries of the court, receivers are generally only liable in an official—but not personal—capacity for actions taken within the scope of their authority, and recourse therefore must be taken against the assets of the receivership estate.

The receiver's liability for actions taken in the course of the receivership up to the time of his discharge will continue to be defined and limited by the language of the order appointing him. Thus, the indemnity and hold harmless clauses will continue to apply to all pre-discharge receivership activities, including any post-discharge challenges to such activities. Once discharged, however, the receiver's duties and authority cease, and he may no longer act in an official capacity.

I find no fault with the manner in which the receiver has carried out his duties from the time of his appointment to the present, and further find that he has consistently acted in good faith.

5.  Assignment of Remaining Assets

The receiver has made a reasonable business judgment that keeping the receivership open for purposes of attempting to collect funds from Reynwood or waiting

4

for the payment of a dividend from the Unipoint bankruptcy is not in the best interest of the receivership estate. He also rightly remains concerned about any other assets that have not been disclosed during the course of the receivership, but that might be available to satisfy, in whole or in part, the judgment.

The receiver is hereby authorized to assign the remaining known and unknown assets to the judgment creditor, Verizon (or its designee), without further order of the court. Mr. Gangi's objection to Verizon's possession of the assets is noted and overruled. To the extent Verizon does not accept any monetized or unmonetized assets, the receiver shall return those assets to Mr. Gangi without further court order.

6. <u>Discharge of Receiver</u>

The receiver shall be discharged from his duties and obligations as receiver upon his filing of a declaration attesting to his compliance with this order.

The court will retain jurisdiction over any matter or dispute resulting from the original receivership order and this order.

|  July 23, 2019  | /s/ Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |